BROOKFIELD v. BROWN.

4-7343                                        180 S. W. 2d 116

Opinion delivered May 1, 1944.

*J. C. Brookfield,* for appellant.

*Giles Dearing,* for appellee.

SMITH, J.   Appellant filed a complaint against appellee in which he alleged his ownership of lots 231, 232, 233, 234 and 235, Bedford's Addition to the City of Wynne, under a deed from Page K. Austell, the widow of S. L. Austell, and that appellee had entered into possession of these lots under a deed from the State Land Commissioner, based upon sale of the lots to the State for the nonpayment of the taxes due thereon, which sales were alleged to be void for various reasons, and he prayed the cancellation of the Commissioner's deed as a cloud upon his title. He also prayed judgment for the rental value of the property and for certain damages done it. This deed to appellee is numbered 68184, and recites that all the lots there described had forfeited to the State for the nonpayment of the 1924 taxes, except lot 232, which had been sold to the State for the 1930 taxes.

Several preliminary motions were filed, some of which were disposed of, others not, but an answer was finally filed, in which the validity of the tax sale and the Land Commissioner's deed, based thereon, was alleged and the plaintiff's title and his right to question this deed was denied.

Without any allegations in the pleading relating to it, another deed to appellee from the State Land Commissioner was offered in evidence. This deed bears the date of June 9, 1938, and conveys lots 237, 238, 239, 240 and 241 of Bedford's Addition, and recites that it is based

upon the forfeiture of these lots to the State for the non-payment of the 1933 taxes due thereon.

There appears in the record a decree in a proceeding by a road improvement district against delinquent lands, which shows a redemption of certain of the lots above described by appellant from sales for improvement district taxes. The relevancy of this decree does not appear, and so also with certain court orders in other cases which are not shown to have any relation to the litigation.

There appear in the record decrees in three separate confirmation proceedings, brought by the State to confirm sales of land to the State. The first of these is dated May 25, 1931, and its recital, so far as any of the lots herein described are concerned, is that the cause was continued as to these lots. Further proceedings in relation to these lots do not appear. The second of these decrees is dated February 24, 1937, and confirms the State's tax title to lots 232, 233. The last of these decrees is dated January 24, 1938, and confirms the State's title to lot 239.

The tax sales were attacked upon four grounds, the first three of these being as follows:

"1st: No certificate was annexed to the list of forfeited lands from the collector to the clerk;

"2nd: That no warrant was issued from the clerk to the sheriff for such sale;

"3rd: That no notice of such sale was posted or published as required by law."

These are irregularities which would invalidate a sale, but none of them affect the power to sell. It is defects such as these which confirmation proceedings are brought to cure.

The fourth attack upon the sales is that these were made for school taxes which had not been voted on or levied. The last attack may be disposed of by saying that the brief abstracts no testimony tending to sustain this allegation.

The decree from which is this appeal quiets the title of appellant to lots 231, 234, 238, 240 and 241, and quiets that of appellee to lots 232, 233, 235, 237 and 239. It does not appear from the abstract of the record contained in the brief how this conclusion was reached. It will be observed that appellee's title is quieted to three of the lots in one of the Land Commissioner's deeds to him, and to two of the lots in the other deed; while appellant's title is quieted to two lots in one of the Commissioner's deeds and to three lots in the other.

The record is in a condition most confused, and it is very doubtful whether, if our rules required or permitted us to explore the record, we could determine whether the decree is correct or not. But there has been no sufficient compliance with Rule 9 of the Court to enable us to pass upon the case, and the appeal will be dismissed for that reason.